UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH L. GRILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 14-14722-LTS |
| | ) |
| UNICARE LIFE AND HEALTH | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

ORDER ON DEFENDANT'S MOTION TO DISMISS

June 11, 2015

SOROKIN, J.

Joseph Grillo was on vacation in the Bahamas. He fell and broke his hip. At the local hospital doctors recommended surgery on his hip, but only after he received cardiology clearance in light of his prior history of cardiac problems. His Massachusetts cardiologist recommended that Grillo return to Boston by Air Ambulance for surgery here. Grillo followed his doctor's advice. The Air Ambulance cost $18,000. After Grillo's return to Massachusetts, his insurer, the Defendant, refused to pay for the Air Ambulance citing the provision of the policy (copy attached to the complaint) providing coverage only for transportation to the "nearest facility equipped to treat the condition." Doc. No. 1-1 at 72-74.

Grillo filed suit in this court seeking as damages the cost of the Air Ambulance as well as pain and suffering damages up to $40,000. Doc. No. 1 ¶ 8. In response to a motion to dismiss asserting, inter alia, lack of subject matter jurisdiction, Grillo filed an amended complaint in which he seeks total damages up to $75,000. Doc. No. 17 at 3.

For the Court to hear Grillo's case it must possess jurisdiction over the subject matter of the lawsuit. Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 138 (1st Cir. 2004). Although the parties are diverse, Grillo has not alleged an amount in controversy exceeding $75,000. "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004). Thus, the Court presently has no diversity jurisdiction under 28 U.S.C. § 1332.

Similarly, the Court has no federal question jurisdiction under § 1331. Grillo does plead a violation of federal law, specifically ERISA. However, that statute specifically excludes coverage for governmental plans, 29 U.S.C. §§ 1003(b)(1), 1002(32) (ERISA "shall not apply to any employee benefit plan if . . . such plan is a governmental plan" meaning "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing"), and the attachments to Grillo's complaint establish that his indemnity plan is a Massachusetts state indemnity plan, Doc. No. 1-1 at 7, 35, 73. "To establish federal jurisdiction, the complaint must allege such facts as will show the establishment or maintenance of a 'plan, fund, or program' of the type covered by ERISA." Molyneux v. Arthur Guinness & Sons, P.L.C., 616 F. Supp. 240, 243 (S.D.N.Y. 1985). Thus, Grillo's claim is not within ERISA and does not provide a basis for federal question jurisdiction.

Moreover, Grillo's complaint fails to state a claim for relief. The question before the Court is not the wisdom of Grillo's decision to follow his doctor's advice, but whether Grillo's pleading passes muster under the applicable legal standards. In order to state a common law

breach of contract claim for violation of the Air Ambulance provision of the indemnity plan, something not specifically alleged but fairly within the scope of Grillo's pro se pleading, Grillo must set forth factual allegations giving rise to a plausible basis for a claim that Boston offered the "nearest facility equipped to treat the condition." See Doc. No. 1-1 at 74. That Boston was or might have been the best facility or the preferred facility to treat Grillo's condition is not sufficient because the policy authorizes transportation only to the nearest facility "equipped to treat the condition." Neither Grillo's complaint nor his amended complaint sets forth a plausible basis for a claim of violation of this provision.

Accordingly, Defendant's Motion to Dismiss (Doc. No. 10) is ALLOWED, and Grillo's complaint (Doc. No. 1) and amended complaint (Doc. No. 17) are DISMISSED. However, Grillo may file another amended complaint provided he does so within fourteen days of the date of this Order.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge